McMANUS et al. v. DURANT et al.

(Supreme Court, Appellate Division, First Department.   February 10, 1911.)

1. DEPOSITIONS (§ 65*)—ORAL CROSS-EXAMINATION.
    Unless waived, a defendant should be afforded the right to orally cross-examine a party plaintiff whose deposition is about to be taken.
    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 142–145; Dec. Dig. § 65.*]

2. STIPULATIONS (§ 13*)—DEPOSITION—ORAL EXAMINATION.
    Where a stipulation to take a deposition was made, before issue was joined, by an attorney who then represented all defendants, and who informed plaintiff's attorneys that another attorney was to be substituted for one defendant, and that he did not desire to take any steps which would prejudice said defendant, the stipulation can be so modified, at request of such defendant, as to permit an oral cross-examination.
    [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 67–76; Dec. Dig. § 13.*]

Appeal from Special Term, New York County.

Action by Francis P. McManus and others against Howard M. Durant and others.  From an order denying a motion to be relieved from a stipulation that a commission issue for the examination of plaintiff McManus upon written interrogatories, defendant Durant appeals.  Reversed, and motion granted, with modification.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Butler & Kilmer (Walter P. Butler, of counsel), for appellant.
Rose & Putzel (Benjamin G. Paskus, of counsel), for respondents.

MILLER, J.   There can be no question but that the defendant should be afforded the right to orally examine the party whose deposition is about to be taken, unless he has waived that right.   The plaintiffs have proposed 304 interrogatories, and it is evident that they rely mainly upon the testimony of the plaintiff McManus to establish their case.   Irrespective of whether it be practicable to frame cross-interrogatories, the defendant should have the right to cross-examine his adversary for reasons so obvious that it is not deemed necessary to state them.

Although the order was granted upon stipulation, we think it should be modified, so as to permit an oral cross-examination.   The stipulation was made before issue joined, and it may be that it was exacted by plaintiffs as a condition of granting an extension of time to answer.   But one of the attorneys, who then represented all of the defendants, informed one of the plaintiffs' attorneys that other counsel were to be substituted for the appellant, and that he did not desire to take any steps which would affect or prejudice the rights of said defendant, preferring that any steps which might affect his rights should be taken by new counsel.   It was plainly proper to have other counsel substituted, as it is not unlikely that the interests of the appellant and of the other defendants may conflict.   That fact was evi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dently appreciated by counsel for both parties. The plaintiffs have lost no rights in the meantime.

The order should be reversed, without costs, and the motion granted, to the extent of modifying the order of December 23, 1910, so as to provide for an oral examination of the witnesses by the defendant Durant, and by the plaintiffs, if they so elect, upon condition, however, that the appellant waive the notice of the time and place of taking the deposition, required by section 899 of the Code of Civil Procedure, and consent to take the deposition at any time appointed by the plaintiffs, upon not less than 30 days' notice thereof, after notice of the entry of the order herein. All concur.